UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EMILIANO CORTEZ-GARCIA,<br><br>　　　　Defendant. | No.  2:13-cr-00353-GEB<br><br>**ORDER UPWARDLY DEPARTING FOUR OFFENSE LEVELS UNDER 18 U.S.C. § 3553(b)** |

　　　　The government moves for upward departure from the 41 to 51 months advisory guideline sentencing range that Probation found applicable to Defendant's impending sentence, arguing that two aggravating circumstances are not taken into account by the guidelines and justify this upward departure. Specifically, the government argues: "The defendant's criminal conduct – manufacturing and selling untraceable AR-15-style guns on the black market – is egregious and warrants a significant sentence to reflect the seriousness of the offense." Gov't's Sentencing Memorandum 1:20-22, ECF 101.

　　　　The district court has the "legal authority to depart under 18 U.S.C. § 3553(b), which requires the presence of an aggravating circumstance of kind or degree not adequately considered by the Commission in formulating the Guidelines." United States v. Beasley, 90 F.3d 400, 402 (9th Cir. 1996). "To determine if a departure is appropriate, the district court must

make a refined assessment of the many facts that bear on the [the departure] outcome." Koon v. United States, 518 U.S. 81, 82 (1996).

The government argues as follows that the guidelines fail to account for the aggravating circumstances involved with defendant's weapon trafficking criminal activities:

> Under §2K2.1(b)(5), a defendant is subject to a four-level enhancement where 'the defendant engaged in the trafficking of firearms.' Trafficking warrants an enhancement because it accounts for the increased harm from a criminal putting guns in the hands of people that should not have guns. This is exactly what the defendant was engaged in. Nonetheless, Application Note 13 limits this guideline enhancement to cases where (1) a defendant sold two or more guns and (2) knew that the gun buyer was prohibited to possess a gun or intended to use the gun unlawfully. The defendant manufactured and sold more than two guns. However, as noted by the Probation Officer, there was no direct evidence that the defendant knew that the black market gun buyers he sold to were legally prohibited from possessing a gun – i.e. the gun buyers didn't tell the defendant that they were felons or wanted to commit crimes. The guidelines do not consider the circumstantial evidence of the defendant's knowledge – (1) payments accepted in cash only; (2) guns sold without required documentation from the Bureau of Alcohol, Tobacco, Firearms and Explosives and the California Department of Justice, Bureau of Firearms; (3) guns manufactured without statutorily-required serial numbers and manufacturer stamps; (4) guns sold without mandated waiting periods; and (5) guns sold at above-market prices. Without taking these factors into consideration, the present guideline calculation does not account for the fact that the defendant was selling guns at all.
>
> Second, the guidelines fail to account for the untraceable guns sold by the defendant. Under §2K2.1(b)(4)(B), a defendant is subject to a four-level enhancement where any firearm has "an altered or obliterated serial number." Obliterated serial numbers warrant

2

> an enhancement because it "discourage the use of untraceable weaponry." <u>United States v. Carter</u>, 421 F.3d 909, 915 (9th Cir. 2005). The defendant sold untraceable AR-15-style rifles . . . without serial numbers. Nonetheless, the guideline enhancement designed to discourage untraceable weaponry does not apply. <u>See</u> <u>United States v. Seesing</u>, 234 F.3d 456, 460 (9th Cir. 2000) (holding that the enhancement did not apply to a homemade silencer despite the fact that this 'apparent loophole' in the Guidelines "frustrated" the purpose of §2K2.1(b)(4)). The defendant put untraceable guns onto the street and the guidelines fail to take this into account.
>
> Accordingly, because the guidelines fail to account for the defendant's black market gun sales and the fact that the defendant was putting untraceable weaponry onto the street, the Court should apply a four-level upward departure.

Gov't's Sentencing Memorandum 3:13-4:28, ECF 101.

The government is correct. Paragraphs 14 and 15 in the Presentence Report contain factual findings establishing that on September 23, 2013, Defendant "assembled a completed short-barreled AR-15 rifle and sold it [to a law enforcement agent] with a large magazine repair kit and other accessories for $1,180 total[; and o]n October 3, 2013, in the same manner [on] September 23, 2013 . . . agents [purchased] a manufactured AR-15 rifle, seven large-capacity magazine repair kits, and other accessories from Emiliano at his business in Fresno for $1,815." Paragraph 16 of the Presentence Report contains the following undisputed facts about the purchases: "No background checks or forms were ever completed for the agent at Emiliano's business. The firearms sold at the business did not have any serial numbers."

However, the government did not make same upward

3

departure argument to the Probation Officer assigned to prepare the Presentence Report ("PSR") that it makes in its sentencing memorandum.  The Probation Officer concluded in paragraph 85 of the PSR: "The probation officer has not identified any factors that would warrant a departure."

Defendant responded to the government's upward departure request stating in his Supplemental Sentencing Memorandum: "The government's sentencing memorandum likely meets the notice requirement as 'a party's prehearing submission" to request a departure. FRCrP 32(h)."  Defendant's Supplemental Sentencing Memorandum 2:3-4, ECF 103. During the sentencing held on December 9, 2016, Defendant conceded that the upward departure notice requirement has been satisfied.

The parties' Plea Agreement appears to have contemplated the extent of the upward departure the government seeks since the parties include the following in the Plea Agreement: "The government will recommend that the defendant be sentenced to a term of incarceration of at least 63 months but no more than 78 months, after consideration of the Presentence Investigation Report." Plea Agreement 6:20-22, ECF 95. If the government's upward departure is granted, Defendant's offense level would be increased four levels, thereby changing it to 25, and his resulting advisory guideline range to 63 to 78 months.

Concerning sentencing the Probation Officer states in pertinent part in the "justification" section of the PSR:

> There appears to be a lack of mitigating factors in this case. [Defendant] milled several assault-style firearms, later opened his own business in Fresno, and personally sold two AR-15 assault rifles.  [Defendant]

4

sold and caused to be sold these highly dangerous weapons without regard to whom they were being sold. The probation officer considers this a significant aggravating factor and recommends a sentence at the high end of the advisory guideline range, as it is deemed sufficient but not greater than necessary to comply with all the factors set forth in 18 U.S.C. § 3553(a).

This justification section is adopted except for the portion opining what precise sentence is sufficient but not greater than necessary to comply with all the factors set forth in 18 U.S.C. § 3553(a). Considering the salient sentencing factors in 18 U.S.C. § 3553(a) of reflecting the seriousness of the offense, promoting respect for the law, providing just punishment for the offense, and affording adequate deterrence to criminal conduct, a sentence of 72 months is sufficient but not greater than necessary to comply with federal sentencing law.

Dated: December 9, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge